IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMETHA CHERIE BROADWATER, <br> Individually and as Administrator of the <br> Estate of Jaylssa Yvonne Broadwater <br> 151 Reedy Street <br> Bristol, VA 24201 <br><br> and <br><br> FREDERICK C. BROADWATER <br> 151 Reedy Street <br> Bristol, VA 24201 <br><br> Plaintiffs, <br><br> v. <br><br> MAXIM HEALTHCARE SERVICES, INC. <br> 7227 Lee Deforest Drive <br> Columbia, MD 21048 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Case No. <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

COME NOW Plaintiffs, Ametha Cherie Broadwater, individually, and as the administrator of the Estate of Jalyssa Yvonne Broadwater, and Frederick Broadwater, by their attorney, W. Charles Meltmar, and bring these claims against Defendant Maxim Healthcare Services, Inc., and allege as follows:

### THE PARTIES, VENUE, AND JURISDICTION

1. Plaintiffs Frederick C. Broadwater and Ametha Cherie Broadwater ("Plaintiffs") are permanent residents of the City of Bristol, Virginia.

2. Frederick C. Broadwater and Ametha Cherie Broadwater are the biological parents of Jalyssa Yvonne Broadwater.

3. The Bristol Circuit Court, Virginia appointed Ametha Cherie Broadwater, as co-administrator of the Estate of Jalyssa Yvonne Broadwater on March 21, 2016. As co-

administrator she is entitled to bring this claim on behalf of the Estate pursuant to VA Code sec. 64.2-454.

4. Maxim Healthcare Services, Inc. is an entity whose principal place of business and "nerve center" is in Howard County, Maryland.

5. Defendant Maxim Healthcare Services Inc. at all times hereto agreed to provide through its agents and employees, home health care services to patients, including Jalyssa Yvonne Broadwater, in the Commonwealth of Virginia in December 2015. These services included providing tracheostomy care to Jalyssa Broadwater at her home.

6. Pursuant to 28 U.S.C. sec. 1391, *et seq*, the proper venue for this proceeding is the State of Maryland.

7. All acts and/or omissions relating to the Plaintiffs' claim against the Defendant took place within the Commonwealth of Virginia.

8. As the matter in controversy exceeds the sum of $75,000, and the Plaintiffs and Defendants are from diverse jurisdictions, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1332.

## COUNT I
### (Survival Claim - VA Code Ann. § 8.01-25)

Plaintiff, Ametha Cherie Broadwater, as the administrator of the Estate of Jalyssa Yvonne Broadwater, repeats and re-alleges each and every allegation set forth in paragraphs 1 through 8 of this Complaint, as if each allegation was fully set forth herein, incorporates each preceding allegation by reference, and further alleges as follows:

9. The Defendant Maxim Healthcare Services, Inc. owed Jalyssa Yvonne Broadwater a duty to exercise reasonable care in the course of its care and treatment of her.

10. The Defendant individually, and/or through its agents, employees, staff, and/or servants, including Karen Byrd, breached the applicable standards of care, and was otherwise negligent, careless, and reckless. The incidents of medical and nursing care provided by the Defendant to Jalyssa Yvonne Broadwater which breached the applicable standards of care included, but are not limited to, the following:

   a. the failure to properly monitor and suction her trach;

   b. the failure to properly monitor her pulse-oxygen levels;

   c. the failure to use a device that would alarm when Jalyssa Yvonne Broadwater's oxygen levels dropped to dangerously low levels;

   d. the failure to properly train and supervise the staff caring for Jalyssa Broadwater on the day of the incident;

   e. the failure to timely request emergency medical assistance; and

   f. other breaches of the applicable standards of care.

11. As a direct and proximate result of the Defendant's negligence, neglect, and multiple and repeated breaches of the applicable standards of care, on or about on December 18, 2015 at her home, Jalyssa Yvonne Broadwater's tracheostomy tube clogged resulting in a hypoxic brain injury. As a result she was caused to suffer serious injuries which led to her death on December 18, 2015, including, but not limited to severe hypoxia, cardiac arrest, conscious pain and suffering, mental and emotional distress, and required extensive medical treatment, including, but not limited to, hospitalizations, and incurred substantial medical and out-of-pocket expenses.

12. Had the Defendant's staff provided care in accord with the applicable standards, Jalyssa Yvonne Broadwater would not have suffered the injuries and damages she endured as described above, and she would have enjoyed an otherwise normal life expectancy,

3

commensurate with her condition.

13. The injuries and damages referenced above were directly and proximately caused by the breaches from the applicable standards of care and other negligence by the Defendant's staff without any contributory negligence by Jalyssa Yvonne Broadwater or Plaintiffs.

WHEREFORE, the Plaintiff moves the Court for judgment against Defendant Maxim Healthcare Services Inc. in the amount of two million two hundred thousand dollars ($2,200,000.00) in compensatory damages, any award to include compensation for Jalyssa Yvonne Broadwater's past medical expenses, and conscious pain and suffering, plus prejudgment interest from December 18, 2015, and costs of this action, and any other appropriate relief.

## COUNT II
### (Wrongful Death Claim - VA Code Ann. § 8.01-50)

Plaintiffs, Frederick C. Broadwater and Ametha Cherie Broadwater repeat and re-allege each and every allegation set forth in paragraphs 1 through 13 of this Complaint, as if each allegation was fully set forth herein, and incorporate each preceding allegation by reference, and further allege as follows:

14. As a direct and proximate result of the Defendant, Maxim Healthcare Services, Inc.'s negligence as detailed in Count I, Jalyssa Yvonne Broadwater died.

15. Plaintiffs, Frederick C. Broadwater and Ametha Cherie Broadwater, bring this action to recover damages as a result of the wrongful death of their daughter.

16. As a direct result of the wrongful death of Jalyssa Yvonne Broadwater, Frederick C. Broadwater and Ametha Cherie Broadwater experienced sorrow, mental anguish, solace, loss of society, companionship, comfort, guidance, and kindly offices, and other damages allowed under

Virginia law.

17.     The proceeds of any wrongful death claim will be dispensed to Frederick C. Broadwater and Ametha Cherie Broadwater as required by Virginia Law.

WHEREFORE, Plaintiffs, Frederick C. Broadwater and Ametha Cherie Broadwater move this Honorable Court for judgment against the Defendant, Maxim Healthcare Services, Inc., in the amount of two million two hundred thousand dollars ($2,200,000.00) in compensatory damages, any award to include compensation including attention, counsel, guidance, and personal advice and other losses including grief and sorrow as allowed under Virginia law plus prejudgment interest from December 18, 2015, and costs of this action, and any other appropriate relief.

**THE COCHRAN FIRM**

*/s/ W. Charles Meltmar*
W. Charles Meltmar, Esquire #12302
1100 New York Avenue, NW
Suite 340 West Tower
Washington, D.C.  20005
(202) 682-5800 - Phone
(202) 408-8851 - Fax
Attorney for Plaintiff

5

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues raised herein.

_____
W. Charles Meltmar